United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GROSS MORTGAGE CORPORATION,

Plaintiff,

v.

SABIR AL-MANSUR an individual also known as Ronald M. Poole,

Defendant.

___________________________________/

No. C-13-0398 EMC

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

**(Docket Nos. 3, 10)**

Plaintiff Gross Mortgage Corporation ("GMC") initiated an unlawful detainer action against Charles Brown in Alameda County Superior Court. In January 2013, Sabir Al-Mansur removed the case to federal court, asserting that has an interest in the real property at issue. Mr. Al-Mansur asks for leave to proceed *in forma pauperis* with respect to this lawsuit. Although GMC has not yet been formally served with a copy of the complaint in this action, it has filed a motion to remand, which is also currently pending.

Having considered the papers filed, as well as all other evidence of record,[1] the Court finds both matters suitable for disposition without oral argument and **VACATES** the hearing set for April 11, 2013. For the reasons discussed below, the Court **GRANTS** Mr. Al-Mansur's motion to proceed *in forma pauperis* but also **GRANTS** GMC's motion to remand.

///

///

[1] Mr. Al-Mansur failed to file a timely opposition to the motion to remand.

United States District Court
For the Northern District of California

## I. DISCUSSION

A. Application to Proceed *In Forma Pauperis*

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)). Having reviewed Mr. Al-Mansur's financial affidavit, the Court is satisfied that he has demonstrated that he meets the economic eligibility requirement and, accordingly, grants his application to proceed *in forma pauperis*.

Although the Court grants the application, it has a sua sponte obligation to ensure that it has subject matter jurisdiction over a case. *See, e.g.*, *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (stating that "[a] district court may remand a case sua sponte for lack of subject matter jurisdiction at any time"); *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction); *Khan v. Bhutto*, No. C-93-4165 MHP, 1993 U.S. Dist. LEXIS 17678, at *1 (N.D. Cal. Dec. 6, 1993) (stating that "[a] court may deny in forma pauperis status under 28 U.S.C. § 1915(d) and dismiss sua sponte a claim . . . over which the court lacks subject matter jurisdiction"). Moreover, in its motion to remand, GMC argues that subject matter jurisdiction is lacking. For the reasons discussed below, the Court agrees with GMC that it does not have subject matter jurisdiction over the case, and therefore a remand to the state court is warranted.

B. Motion to Remand

In his notice of removal,[2] Mr. Al-Mansur claims that this Court has subject matter jurisdiction over the case based on diversity jurisdiction and federal question jurisdiction. Mr. Al-Mansur is incorrect as to both counts.

---

[2] The Court looks to the notice of removal because Mr. Al-Mansur failed to file an opposition to the motion to remand.

First, for diversity jurisdiction to obtain, "the matter in controversy exceed[] the sum or value of $ 75,000." 28 U.S.C. § 1332(a). Mr. Al-Mansur has not made any showing that any damages sought by GMC would exceed that amount; in fact, the caption of the complaint (under the jurisdiction section) expressly states that GMC seeks damages not to exceed $10,000. The fact that the property at issue may be worth more than $75,000, *see* Docket No. 1 (Not. of Removal ¶ 6), is irrelevant. If GMC prevails in its action, Mr. Al-Mansur's "liability will be measured by the fair rental value of the property for the time [he] unlawfully occupied it."[3] *Bank United v. Peters*, No. C 11-1756 PJH, 2011 U.S. Dist. LEXIS 54884, at *4 (N.D. Cal. May 23, 2011) (also stating that "the amount in controversy is not the assessed value or the sales value of the property").

Second, federal question jurisdiction depends on the contents of the plaintiff's well-pleaded complaint and may not be predicated on the defendant's counterclaims or defenses. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002); *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality of St. of Mont.*, 213 F.3d 14 1108, 1113 (9th Cir. 2000). Here, GMC's well-pleaded complaint asserts a claim based on state law only, *i.e.*, one for unlawful detainer. In his notice of removal, Mr. Al-Mansur claims that "federal questions are raised in [GMC's] defective complaint," Docket No. 1 (Not. of Removal at 7), but that is not correct. The alleged federal questions raised in the complaint are, in fact, defenses and/or counterclaims to the claim for unlawful detainer.

Finally, to the extent Mr. Al-Mansur argues that he was entitled to remove pursuant to 28 U.S.C. § 1443, that argument is also without merit. Under § 1443,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the

[3] The Court notes that there may also be an independent bar to removal based on diversity jurisdiction. Under federal law, where a removal is predicated on diversity jurisdiction, the case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Accordingly, if Mr. Brown or Mr. Al-Mansur is a citizen of California, removal by Mr. Al-Mansur would not be proper.

> equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443(1).

As the Ninth Circuit has noted,

> [a] petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." "Second, petitioners must assert that the state courts will not enforce that right, *and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights*."

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (emphasis added). As to the second prong, the Supreme Court has underscored that

> "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be *clearly predicted* by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."

*Johnson v. Mississippi*, 421 U.S. 213, 220 (1975).

In the case at bar, Mr. Al-Mansur has failed to make the requisite showing for § 1443 to apply. Although he claims that he cannot enforce in state court "his right as [an] African American man," Docket No. 1 (Not. of Removal ¶ 1), he has not supported that allegation with reference to a state statute or constitutional provision that purports to command the state courts to ignore his rights as an African American. Accordingly, removal under § 1443 was improper.

///

///

///

///

///

///

///

United States District Court
For the Northern District of California

## II. CONCLUSION

For the foregoing reasons, the Court grants Mr. Al-Mansur's application to proceed *in forma pauperis* but also grants GMC's motion to remand. This Court lacks subject matter jurisdiction over the case. The case is therefore remanded to the Alameda County Superior Court.

This order disposes of Docket Nos. 3 and 10.

IT IS SO ORDERED.

Dated: March 11, 2013

EDWARD M. CHEN
United States District Judge