UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROSS MORTGAGE CORPORATION, | No. C-13-0398 EMC |
| Plaintiff, | |
| v. | **ORDER RE DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |
| SABIR AL-MANSUR an individual also known as Ronald M. Poole, | **(Docket Nos. 12-13)** |
| Defendant. | |

Previously, the Court issued an order granting Plaintiff Gross Mortgage Corporation's motion to remand. *See* Docket No. 11 (order). In that order, the Court noted that Defendant Sabir Al-Mansur had failed to file a timely opposition. As it turns out, Mr. Al-Mansur did in fact timely file an opposition but, because of a clerk error, that opposition was not provided to the Court until after the order granting the remand had already issued.

Because there was no fault on the part of Mr. Al-Mansur, the Court shall consider the motion to remand anew -- taking into account the arguments made by Mr. Al-Mansur in his opposition.[1] Unfortunately for Mr. Al-Mansur, none of his arguments have any merit. For example, his contention that GMC does not have valid title to the real property at issue is a defense, which has no

---

[1] The Court acknowledges that Mr. Al-Mansur filed a notice of appeal on March 12, 2013. A remand order, however, is not appealable where it is based on lack of subject matter jurisdiction. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996) (stating that a remand based on lack of subject matter jurisdiction is not appealable under 28 U.S.C. § 144(d)); *Harmston v. City & County of San Francisco*, 627 F.3d 1273, 1277 (9th Cir. 2010) (noting that, "if a district court remands a case to state court for *any reason* other than lack of subject matter jurisdiction, its remand order is appealable") (emphasis in original).

bearing on whether there is subject matter jurisdiction based on GMC's complaint. Similarly, his claim that his constitutional rights have been violated by GMC is a defense or counterclaim, which cannot be the basis for a removal.[2] *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002); *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality of St. of Mont.*, 213 F.3d 14 1108, 1113 (9th Cir. 2000).

Diversity jurisdiction is also lacking for the reason previously identified by the Court -- *i.e.*, "the matter in controversy exceed[] the sum or value of $ 75,000," 28 U.S.C. § 1332(a), and Mr. Al-Mansur has not made any showing that any damages sought by GMC would exceed that amount. Indeed, the caption of the complaint (under the jurisdiction section) expressly states that GMC seeks damages not to exceed $10,000.

Finally, jurisdiction does not obtain under 28 U.S.C. § 1443. As the Court previously noted, under Supreme Court precedent, under § 1443,

> "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be *clearly predicted* by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."

*Johnson v. Mississippi*, 421 U.S. 213, 220 (1975) (emphasis added). Mr. Al-Mansur has not met that high standard. To the extent Mr. Al-Mansur asks for an evidentiary hearing to make out a case under § 1443, that request for relief is denied. Mr. Al-Mansur has not made any offer of proof to establish that this case might plausibly fall under the auspices of § 1443.

Finally, to the extent Mr. Al-Mansur asks for a preliminary injunction or sanctions pursuant to Federal Rule of Civil Procedure 11, those requests for relief are **DENIED**. The Court is without

---

[2] The Court notes that Mr. Al-Mansur has now filed a cross-complaint in this proceeding. That pleading too has no effect on whether there is subject matter jurisdiction over this case, as subject matter jurisdiction is predicated on GMC's complaint which initiated the lawsuit. *See Nationstar, LLC v. Graves*, No. 1:12-cv-02018-AWI-SKO, 2012 U.S. Dist. LEXIS 181914, at *6 (E.D. Cal. Dec. 26, 2012) (stating that "[r]emoval . . . cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court"); *Urbino v. Orkin Servs. of Cal.*, 882 F. Supp. 2d 1152, --- n.12 (C.D. Cal. 2011) (noting that a "cross-complaint is not relevant to the issue of federal question jurisdiction because jurisdiction must be analyzed on the basis of the *plaintiff's* well-pleaded complaint at the time of removal, not [a defendant's] cross-complaint") (emphasis in original).

jurisdiction to award any injunctive relief; furthermore, Mr. Al-Mansur has not made an adequate showing that GMC engaged in any conduct before this Court that implicates Rule 11.

Accordingly, for the reasons stated both in this order and its order of March 11, 2013, this case shall be remanded.

IT IS SO ORDERED.

Dated: March 14, 2013

_____
EDWARD M. CHEN
United States District Judge